(No. 3574—)

W. T. MIDDLETON, DOING BUSINESS UNDER THE NAME AND STYLE OF W. T. MIDDLETON COCA COLA BOTTLING Co., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

WARD & WARD, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

FISHER, J.

Complaint was filed January 6, 1941, alleging that claimant on July 17, 1939, paid Fifty Dollars ($50.00) to the Illinois Liquor Control Commission for a retailers alcoholic liquor license for the period 1939-1940; that he also paid for and secured an Illinois wholesalers alcoholic liquor license for the same period; and further that an amendment to the State Liquor Laws no longer made it necessary to have a retailers alcoholic liquor license in addition to the wholesalers alcoholic liquor license to sell beer at retail to private homes.

Claimant requests that the Fifty Dollars ($50.00) paid to the Illinois Liquor Control Commission in payment of the retailers alcoholic liquor license for the period 1939-1940, and not required by the Illinois Liquor Control Commission, be returned to him.

Complaint further alleges that claimant made complaint to the Illinois Liquor Control Commission, for refund, but was referred by them to the Court of Claims.

Respondent has filed a motion to dismiss the claim on several grounds: that the complaint does not set forth a claim which the State of Illinois as a sovereign commonwealth, should discharge and pay in that claimant seeks an award representing the refund covering license fee for the period 1939-1940, during which period of time the law providing for such license was changed; that an award should not be made solely on the grounds of equity and good conscience.

The same questions involved in this case were presented to this court in the case of Val W. Steil and Matt E. Benz, doing business as *Aurora Beverage Co., claimant,* vs. *State of Illinois, respondent,* No. 3530, and for the reasons therein stated the claim cannot be allowed.

Respondent's motion to dismiss is therefore sustained, and claimant given thirty days in which to amend his complaint; and in the event claimant declines or fails so to amend, this order dismissing the claim shall become final.